PROB 12C
(Rev. 2011)

# United States District Court
for
Middle District of Tennessee
Petition for Warrant or Summons
for Offender Under Supervision

Name of Offender: <u>Patrick J. Washington</u>  Case Number: <u>3:09-00011</u>

Name of Judicial Officer: <u>The Honorable William J. Haynes, Jr., Chief U. S. District Judge</u>

Date of Original Sentence: <u>April 5, 2010</u>

Original Offense: <u>Ct. 1: 18 U.S.C. § 371, Conspiracy to Manufacture, Possess, and Deal in Counterfeit Currency; Ct. 2: 18 U.S.C. § 471, Counterfeiting Currency; Ct.3: 18 U.S.C. § 472, Passing Counterfeiting Currency; Ct. 4: 18 U.S.C. § 473, Transferring or Receiving Counterfeit Currency; Ct. 5: 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm.</u>

Original Sentence: <u>37 months' custody each count concurrent followed by 3 years' supervised release.</u>

Type of Supervision: <u>Supervised Release</u>  Date Supervision Commenced: <u>September 14, 2011</u>

Assistant U.S. Attorney: <u>Braden H. Boucek</u>  Defense Attorney: <u>Michael C. Holley</u>

## PETITIONING THE COURT

■ To issue a Summons.
☐ To issue a Warrant

---

THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
☒ The Issuance of a Summons.
☐ Other

Considered this _15th_ day of _July_, 2013, and made a part of the records in the above case.

_____
Honorable William J. Haynes, Jr.
Chief U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Lisa A. Capps
Sr. U.S. Probation Officer

Place  Columbia, TN

Date  July 16, 2013

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall not commit another federal, state or local crime:** |

On June 25, 2013, Mr. Washington was arrested for Driving Under the Influence of Alcohol, in Nashville, Tennessee, in violation of 55-10-401, Tennessee Criminal Code. According to the Affidavit, Metropolitan Nashville Police Department (MNPD) officers were dispatched to a motor vehicle accident involving a vehicle that had been driving southbound on Old Hickory Boulevard. A witness called and stated he was driving in the area and observed the defendant swerving on the roadway narrowly avoiding contact with several mailboxes. Officers arrived on the scene and observed the defendant open the driver's door of the vehicle he was in and get out. Officer Rowland stated they observed the defendant struggle to walk towards the front of his vehicle appearing as though he could fall down at any time. Officer Rowland stated contact was made with the defendant and an immediate odor of alcohol could be detected coming from the defendant and his eyes were bloodshot and watery.

Officer Rowland stated the defendant admitted to consuming two beers in the past "few hours." Field sobriety tests were not conducted due to the defendant not being able to stand on his own without the threat of injury. The defendant was taken to General Hospital where his blood was drawn.

2. **The defendant shall pay his monetary penalties as directed by the Court:**

Mr. Washington has failed to submit payment towards his special assessment and restitution balance as instructed by the U.S. Probation Office.

Mr. Washington was ordered by the Court to pay a $500.00 special assessment and $18,150.00 in restitution. To date, Mr. Washington has not made monthly payments toward these financial obligations.

### Compliance with Supervision Conditions and Prior Interventions:

Patrick A. Washington began his three-year term of supervised release on September 14, 2011. His supervision is scheduled to terminate on September 13, 2014.

On May 2, 2012, a 12A report was filed by U.S. Probation Officer Kimberly Haney, notifying the Court that the offender had been cited on February 21, 2012, and March 14, 2012, for Driving on a Suspended Driver's License and Possession of a Legend Drug without a Prescription. The report also outlined the offender's failure to pay his special assessment and restitution. The Court ordered no action at that time, per the probation office's recommendation. Said petition was signed by Your Honor on May 3, 2012.

On May 31, 2012, a second 12A report was filed by U.S. Probation Officer Kimberly Haney, notifying the Court that Mr. Washington received a misdemeanor citation on May 17, 2012, in Nashville, Davidson County, Tennessee, for Driving on a Suspended License, 2nd Offense. The report also outlined the offender's failure to pay his special assessment and restitution. The Court ordered no action at that time, per the probation office's recommendation. Said petition was signed by Your Honor on June 1, 2012.

On August 23, 2012, a 12C petition was submitted by U.S. Probation Officer Roger Carrier, notifying the Court that Mr. Washington had been terminated from Diersen Charities due to numerous incidents of non-compliance with the program rules. These incidents included, but were not limited to: alcohol use and being unaccountable overnight. An Agreed Motion for Revocation of Supervised Release was filed by defense counsel on September 24, 2012, requesting the conditions of supervised release be modified to include a condition requiring home confinement for a period of five months. On September 25, 2012, Your Honor ordered that Mr. Washington serve five months of his supervision term in home confinement on conditions and a schedule set by the Probation Office. Mr. Washington was placed on electronic monitoring on October 10, 2012, and successfully completed it on March 10, 2013.

On March 5, 2013, this officer talked with Mr. Washington about the driving on a revoked license citation he received earlier that morning. He stated that he was initially stopped by Metropolitan Nashville police for expired license tags and was not aware his driver's license had been revoked. Mr. Washington was verbally reprimanded and re-instructed as to the conditions of his supervised release, specifically that he is not to commit another federal, state, or local law.

On April 4, 2013, Davidson County General Sessions Court Cases SCE95511; SCE96276; SCE96326; and SCE97879 were dismissed.

On May 3, 2013, a 12C petition was submitted notifying the Court that Mr. Washington had been arrested on a new drug charge, and had also failed to report to the U.S. Probation for a random urine screen on March 27, 2013. On that same date, Your Honor issued a warrant for Mr. Washington's arrest. He was subsequently arrested on May 28, 2013. At an Initial Appearance before U.S. Magistrate Judge John S. Bryant, he was released and ordered to remain on the same conditions as previously set pending a final revocation hearing. On June 28, 2013, a supplemental 12C petition was submitted notifying the Court of Mr. Washington's failure to pay restitution, the dismissal of the drug charge, and several misdemeanor citations for driving on suspended license that were ultimately dismissed. On July 3, 2013, defense counsel submitted an Agreed Order asking the Court to order the dismissal of the violation petition submitted on May 3, 2013, and the supplemental violation petition submitted on June 28, 2013. Your Honor granted that motion on July 5, 2013.

### Update of Offender Characteristics:

Patrick Washington is a resident of Davidson County, Tennessee, and resides with his cousin in Madison, Tennessee. The probation officer completes regular unannounced home visits at the offender's residence. He is currently employed at Shur-brite Car Wash in Nashville, Tennessee.

On March 28, 2013, this officer sent a letter of reprimand to Mr. Washington regarding his non-payment of his special assessment and restitution.

On June 25, 2013, this officer received information via the National Crime Information Center (NCIC) that Mr. Washington had been arrested for driving under the influence of alcohol by officers with the MNPD.

This officer spoke with Mr. Washington on June 26, 2013, concerning his arrest, and he indicated that he had not been driving, but was changing a tire on his vehicle when the police arrived on the scene. Mr. Washington also indicated there was an open container in the vehicle, but he did not know how the officers could arrest him for DUI when he was not driving the vehicle. This officer advised him that if he was the only person with the vehicle and there was an open container, they had probable cause to believe he was drinking and driving.

On July 8, 2013, this officer met with Officer Rowland of the MNPD and he indicated that Mr. Washington was the person who officers saw exit the driver's side of the car upon arrival. Officer Rowland stated Mr. Washington had the odor of alcohol on his person and was very unsteady on his feet. They were unable to safely administer the field sobriety tests and therefore, took Mr. Washington to General Hospital where blood was drawn. Officer Rowland reported Mr. Washington had a friend with him, who advised officers that Mr. Washington had picked him up at a party about 30 minutes earlier and Mr. Washington was driving the vehicle and had been intoxicated the entire time. The car had a flat tire and according to the passenger of the vehicle, it was due to running over the curb.

### U.S. Probation Officer Recommendation:

It is respectfully requested that a summons be issued for Patrick Washington to appear before the Court to answer to the violation behavior outlined above. This matter has been submitted to Assistant U. S. Attorney Braden Boucek who concurs with the recommendation.

Approved: _____
Burton Putman
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. PATRICK J. WASHINGTON, CASE NO. 3:09-00011

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** III

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003  PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C felony) *18 U.S.C. § 3583(e)(3)* | 5-11 months U.S.S.G.§7B1.4(a) | none |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment *18 U.S.C. 3583(h)* | 1-3 years U.S.S.G.§5D1.2(a)(2) | none |

**Statutory Provisions:** When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** The guidelines set out in Chapter 7 of the United States Sentencing Guideline Manual are advisory. The violations listed above are Grade C violations. Upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

In the case of a Grade C violation where the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), for any portion of the minimum term. U.S.S.G. § 7B1.3(c)(1).

Respectfully Submitted,

Lisa A. Capps
Sr. U.S. Probation Officer

Approved: Burton Putman
Supervisory U.S. Probation Officer